IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 3, 2017

FILED
01/10/2018
Clerk of the
Appellate Courts

**BRANDON WASHINGTON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**Nos. 10-04054, 10-05254, 15-04455        J. Robert Carter, Jr., Judge**
_____

**No. W2016-01965-CCA-R3-HC**
_____

The Petitioner, Brandon Washington, appeals the Shelby County Criminal Court's denial of his petition for a writ of habeas corpus, seeking relief from his convictions of aggravated assault, evading arrest, and various drug offenses. Based upon our review of the record and the parties' briefs, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Brandon Washington, Memphis, Tennessee, Pro se.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Eric Christenson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

On August 1, 2011, the Petitioner pled guilty in case number 10-04054 to aggravated assault, a Class C felony, intentionally evading arrest in a motor vehicle, a Class D felony, and possession of marijuana with intent to sell, a Class E felony, and received respective sentences of three years, two years, and one year as a Range I, standard offender. He also pled guilty in case number 10-05254 to possession of oxycodone with intent to sell, a Class C felony, possession of Alprazolam with intent to sell, a Class D felony, and possession of marijuana with intent to sell, a Class E felony, and received respective sentences of three years, two years, and one year as a Range I, standard offender. Pursuant to the plea agreement, the Petitioner was to serve the

sentences in each case concurrently but was to serve the effective three-year sentences consecutively for a total effective sentence of six years. On September 21, 2011, the trial court filed a probation order, suspending the Petitioner's sentences and placing him on supervised probation for six years. The order specified that the probationary sentence would expire on September 21, 2017. Subsequently, the Petitioner filed and withdrew a petition for post-conviction relief.

On June 9, 2015, a probation violation warrant was issued. The trial court held a hearing, revoked the Petitioner's probation on July 17, 2015, and ordered that he serve his six-year probation sentence in the Department of Correction with jail credits for the time he spent in confinement. The Petitioner filed a petition for a writ of habeas corpus on October 1, 2015, arguing that his first three-year sentence had expired by the time the probation violation warrant was issued, and therefore, that his probation could not be revoked. He also argued that he had not received proper jail credits. On October 29, 2015, the habeas corpus court denied the petition because the Petitioner "was not on three years of probation to be followed by a second probationary period" and because "[s]upplemental orders were entered ensuring the Petitioner would receive jail credit for the time he had previously been in custody." The Petitioner did not appeal the ruling of the habeas corpus court. In January 2016, the Petitioner filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, arguing that his sentences were illegal because his pretrial jail credits should have been applied to the sentences for both of his cases. He also maintained that his first three-year sentence had expired and that he should have to serve only one three-year sentence in confinement. On February 3, 2016, the trial court denied the motion, stating that "[t]hese allegations do not require 'correction' of his sentence." This court affirmed the trial court's denial of the motion. State v. Brandon D. Washington, No. W2016-00413-CCA-R3-CD, 2017 WL 2493685 (Tenn. Crim. App. at Jackson, June 9, 2017), perm. app. denied, (Tenn. Oct. 4, 2017).

On March 24, 2016, the Petitioner pled guilty in case number 15-04455 to possession of Alprazolam with intent to sell, a Class D felony, and possession of marijuana with intent to sell, a Class E felony, and received respective sentences of four years and one year as a Range II, multiple offender. The sentences were to be served concurrently with each other but consecutively to the sentences in case numbers 10-04054 and 10-05254.

On July 13, 2016, the Petitioner filed a second petition for a writ of habeas corpus, which is the subject of this appeal, arguing for the first time that when he pled guilty in case numbers 10-04054 and 10-05254, he was to receive an effective four-year sentence, not an effective six-year sentence. He asserted that the judgment sheets for his convictions of aggravated assault and possession of oxycodone with intent to sell had

been altered "to change those number 2's to number 3's" and, therefore, were facially invalid. He also argued that he did not receive the proper amount of pretrial and post-judgment jail credits; that trial counsel lied to him on September 21, 2011, by telling him that he was being released on probation because his family could no longer pay his bills; and that he was entitled to habeas corpus relief in case number 15-04455 as "fruit of the poisonous tree." On August 8, 2016, the habeas corpus court filed a written order, stating that "[b]y agreement, [the Petitioner] was sentenced to an aggregate sentence of six years" and that "[a] variety of supplemental orders were entered ensuring that Petitioner received jail credit for the time he had previously served in custody on these cases." The court found that the second habeas corpus petition had alleged no grounds for relief and summarily denied the petition.

## II.  Analysis

The Petitioner has listed twenty-seven issues for our review. The State argues that the habeas corpus court properly denied the petition. We agree with the State.

The determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

Turning to the instant case, the Petitioner has raised some of the twenty-seven issues for the first time on appeal. For example, the Petitioner argues that the trial court and the criminal court clerk hindered his second habeas corpus petition by failing to

provide him with a copy of his petition for post-conviction relief as requested, that he is entitled to post-conviction relief, that he was denied his right to bail in case number 15-04455, that his "4 year sentence at 40% is [in]applicable for a multiple offender classified as range two to be sentenced at 35%"[1], that he is entitled to relief due to inadequate access to legal materials and an inadequate law library, and that the judgments entered in case numbers 10-04054 and 10-05254 violate Tennessee Supreme Court Rule 17. Without addressing whether those issues are even proper grounds for habeas corpus relief, we recognize that "[i]ssues raised for the first time on appeal are waived." State v. Alvarado, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996).

Some of the Petitioner's issues relate to his claim that he did not receive proper pretrial and post-judgment jail credits, and several deal with the Petitioner's claim that the trial court erred by revoking both three-year terms of probation because he had completed the first term. We note that the failure to award jail credits does not render a sentence illegal and, therefore, is not a colorable claim in a habeas corpus petition. See State v. Brown, 479 S.W.3d 200, 212-13 (Tenn. 2015) (stating that "[a] trial court's failure to award pretrial jail credits does not render the sentence illegal"); Cory O'Brien Johnson v. State, No. W2016-00087-CCA-R3-HC, 2016 WL 4545876, at *2 (Tenn. Crim. App. at Jackson, Aug. 30, 2016) (stating that "a trial court's failure to award pretrial or post-judgment jail credits does not render a sentence illegal and is, therefore, insufficient to establish a colorable claim for habeas corpus . . . relief"), perm. app. denied, (Tenn. Dec. 15, 2016). In any event, this court will not consider issues that have been previously determined. Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd., 975 S.W.2d 303, 306 (Tenn. 1998) (providing that "under the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal").

The only issues raised on appeal that have not been previously determined or waived are whether the judgments in case numbers 10-04054 and 10-05254 were improperly altered to reflect effective three-year sentences and whether trial counsel lied to the Petitioner. Nothing indicates that the judgments forms were improperly altered. We note that in the Petitioner's first habeas corpus petition, he handwrote that he was "ordered to serve two 3 year sentences consecutive [to] one another." The judgments are not facially void; thus, he is not entitled to relief on this issue. Regarding the Petitioner's claim that counsel lied to him, claims of ineffective assistance of counsel render a judgment voidable, not void and, therefore, are not grounds for habeas corpus relief.

---

[1] This claim apparently relates to the Petitioner's conviction of possessing Alprazolam with intent to sell in case number 15-04455. However, the judgment form for that conviction reflects that the Petitioner was sentenced as a Range II, multiple offender to four years to be served at thirty-five percent release eligibility, not forty percent release eligibility.

- 4 -

Accordingly, this claim also must fail.  We conclude that the habeas corpus court properly denied the petition.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the habeas corpus court.

_____
NORMA MCGEE OGLE, JUDGE